FILED
DEC 07 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA PUBLIC ASSURANCE ALLIANCE and CLAIMS ASSOCIATES, INC.,<br><br>Defendants. | CIV. #16-4165<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Christine Davis, by and through her counsel of record, and for her causes of action against the Defendants, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a diversity suit to recover underinsured motorist coverage (UIM) and for bad faith brought by Plaintiff Christine Davis (f/k/a Anderson) against Defendants South Dakota Public Assurance Alliance (SDPAA) and Claims Associates, Inc. (collectively "Insurer"). Plaintiff was severely injured in an automobile accident. Her damages exceeded the minimal limits available on the policy of the tortfeasor and vehicle responsible for the accident, and she now seeks to be made whole pursuant to the underinsurance coverage available to her as an insured under the policy with the Insurer. Further, Plaintiff seeks damages caused by and related to the bad faith denial of her UIM claim.

## PARTIES

1. Plaintiff Christine Davis is a citizen of the State of Arizona.

2. Upon information and belief, Defendant South Dakota Public Assurance Alliance is a corporation duly organized and existing under the laws of the State of South Dakota, with a principal place of business located at 208 Island Drive, Ft. Pierre, SD 57532, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

3. Upon information and belief, Defendant Claims Associates, Inc. is a corporation duly organized and existing under the laws of the State of South Dakota, with a principal place of business located at 4901 Isabel Place #100, Sioux Falls, SD 57108, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

5. A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6. Defendant SDPAA provided auto coverage to the Plaintiff pursuant to an insurance policy effective on January 1, 2015 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

7. The Policy was issued to the City of Sioux Falls and covered as insureds all employees of the City of Sioux Falls, including the Plaintiff.

8. Defendant Claims Associates is a third-party administrator of SDPAA's insurance policy and is authorized by SDPAA to make decisions as to whether payment should be made.

9. The Plaintiff was an insured under the Policy, which provided underinsurance coverage up to a limit of three hundred thousand dollars ($300,000) per incident. *See* Exhibit A.

10. On or about February 26, 2015, while the Policy was in force, the Plaintiff, who was employed by the City of Sioux Falls as a law enforcement officer on that date, was severely injured in an automobile accident.

11. To date, the Plaintiff has incurred medical bills of approximately $25,000. The collision and the Plaintiff's resulting injuries and other damages were the fault of Nancy Habben. The collision between Habben and the Plaintiff's vehicle was solely and proximately caused by Habben's negligence.

12. Habben and the vehicle that she was driving was underinsured. Habben tendered a personal liability insurance payment in the amount of $25,000 to the Plaintiff, which represented the limits of the policy. This payment was substantially less than the amount reasonably necessary to compensate the Plaintiff for her injuries and other damages sustained in the collision.

13. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983), the Insurer was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Insurer declined and waived the opportunity to substitute its draft or object to the settlement.

14.     In the fall of 2015, the Plaintiff accepted $25,000 on the Habben's policy covering the tortfeasor and her vehicle.

15.     Plaintiff thereafter sought recovery of UIM benefits from the Insurer for Plaintiff's uncompensated damages, in accordance with the terms of the Policy, and the Insurer wrongfully refused and still refuses payment of the same, which is a direct violation of SDCL 58-33-67.

16.     Insurer valued Plaintiff's claim at $100,000 and paid $75,000 to the Plaintiff, which combined with the $25,000 received from Habben's policy totaled $100,000.

17.     Insurer has repeatedly refused to provide the breakdown for their valuation of the Plaintiff's claim at $100,000.

18.     Insurer has not attempted to interview the Plaintiff.

19.     Insurer has not attempted to contact the Plaintiff's treating physicians.

20.     The valued amount of $100,000 bears no reasonable relationship to relevant verdicts involving law enforcement officers injured in South Dakota.

## COUNT ONE
### (Breach of Contract)

21.     Plaintiff hereby realleges paragraphs 1-20 and all previous paragraphs and incorporates them as though fully set forth herein.

22.     At all times relevant to the claims alleged herein, Defendant Claims Associates, Inc. was an authorized agent of Defendant SDPAA with the authority to value and approve or deny claims on behalf of SDPAA.

23.     Because of this agency, all acts of Defendant Claims Associates, Inc. can be imputed to Defendant SDPAA.

4

24. By virtue of its Policy of insurance in effect on February 26, 2015, and Plaintiff's status as an insured under the Policy, Insurer is contractually obligated to pay Plaintiff underinsured motorist benefits as a result of the automobile accident caused by the tortfeasor that occurred on February 26, 2015.

25. Insurer breached its duty to pay Plaintiff underinsured motorist benefits pursuant to the Policy.

26. Insurer's breach of its duties under the Policy has resulted in substantial damages to Plaintiff.

27. Insurer's refusal to pay the full amount of said loss was vexatious and without reasonable cause and Plaintiff is entitled to attorney's fees pursuant to SDCL 58-12-3.

## COUNT TWO
### (Bad Faith)

28. Plaintiff hereby realleges paragraphs 1-27 and all previous paragraphs and incorporates them as though fully set forth herein.

29. Because the policies constituted a contract of insurance between the Plaintiff and the Insurer, there existed an implied covenant of good faith and fair dealing between them.

30. The Plaintiff suffered a loss within the policy period that was compensable under the terms of the Policy, provided timely notice to the Insurer of the occurrence giving rise to coverage, and demanded payment for the same.

31. The Insurer knew that there was a lack of reasonable basis for denial and valuation of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial and valuation of the claim.

32. The Insurer denied and undervalued the Plaintiff's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

33. The Insurer used unfair and deceptive acts and practices in dealing with Plaintiff's claim for coverage through, among other things, failure to acknowledge and act on Plaintiff's claim, failure to adhere to reasonable standards in promptly investigating the claim, failure to promptly provide a reasonable explanation of the basis of the denial, and failure to promptly settle Plaintiff's claim for a reasonable amount when liability was clear.

34. The Insurer's pattern and practice of refusing to provide coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiff, including, but not limited to, attorney's fees and emotional distress.

35. The Insurer's refusal to provide coverage and to honor the plain terms of the insurance contract was willful, vexatious, and without reasonable basis, resulting in substantial damages to the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for the following relief:

(1) For Plaintiffs' compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2) For attorney's fees pursuant to SDCL 58-12-3;

(3) For Plaintiffs' costs and disbursements herein;

(4) For pre-judgment and post-judgment interest; and

(5) For such other and further relief as the Court determines to be just and proper.

Dated this 7th day of December, 2016.

JOHNSON, JANKLOW, ABDALLAH,
REITER & PARSONS, L.L.P.

BY: _____
Scott A. Abdallah (scott@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
Sara E. Show (sara@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon
Sara E. Show